FILED
December 30, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002319120

1 RICHARD SONTAG, OF COUNSEL, SBN #108652
RUZICKA & WALLACE, LLP
2 16520 Bake Parkway, Ste, 280
Irvine, California 92618
3 Phone: (949) 759-1080

4 Attorneys for Movant,

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re | Bankruptcy Case No. 09-41829 |
| **Vito Alessandro Aiello, Candida Aiello,** Debtors. | Docket Control No. RSS-011 |
| | Chapter 7 |
| **Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2005-AR16IP, Mortgage Pass-Through Certificates, Series 2005-AR16IP under the Pooling and Servicing Agreement dated July 1, 2005,** | MOTION FOR RELIEF FROM AUTOMATIC STAY (UNALWFUL DETAINER) |
| Movant, | HEARING DATE: |
| vs. | DATE: 1/19/2010 TIME: 9:31:00 AM CTRM: 33(6TH Floor) |
| **Vito Alessandro Aiello, Candida Aiello, Debtors, and J. Michael Hopper, Trustee,** | |
| Respondents. | |

<u>**DEUTSCHE BANK NATIONAL TRUST COMPANY, MOTION FOR RELIEF FROM AUTOMATIC STAY (UNLAWFUL DETAINER) (5108 Antler Hollow Place, Antelope, CA 95843); MEMORANDUM OF POINTS AND AUTHORITIES**</u>

TO THE HONORABLE THOMAS HOLMAN, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE TRUSTEE AND OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE that DEUTSCHE BANK NATIONAL TRUST COMPANY, ("MOVANT") has filed the attached Motion for Relief from the Automatic Stay (the "Motion") in

1

the above-entitled and numbered Chapter 7 case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTORY STATEMENT

MOVANT requests the Court to grant it relief from the automatic stay based upon the following grounds: (a) cause; (b) inadequate protection; and (c) lack of equity.

### II.

### STATEMENT OF FACTS

1. **Jurisdiction.** This court has jurisdiction of this matter pursuant to Title 28 U.S.C. section 157 and Title 11 U.S.C. section 362. This Motion is brought pursuant to Federal Rules of Bankruptcy Procedure Rule 4001(a)(2).

2. **Debtors.** Debtors and Respondents Vito Alessandro Aiello, Candida Aiello ("Debtor") filed their petition under Chapter 13 of the Bankruptcy Code on 10/8/2009. The Chapter 13 Bankruptcy case was converted to Chapter 7 on 11/19/2009.

3. **Chapter 7 Trustee.** Respondent J. Michael Hopper has been appointed as Trustee of the bankruptcy estate of the Debtor.

4. **Movant is Legal Owner.** MOVANT is the legal owner of the premises commonly described as 5108 Antler Hollow Place, Antelope, CA 95843 (the "Property"), and is entitled to exclusive possession thereof. Movant acquired the Property pursuant to a foreclosure sale on 10/5/2009, and recorded the deed on 10/9/2009, within the period provided by state law for perfection. A true and correct copy of the recorded Trustee's Deed Upon Sale, including the legal description of the Property; a true and correct copy is attached as Exhibit "A".

5. **Debtors Have No Ownership Interest.** The Debtor has no ownership interest in the Property due to a Trustee's sale held on 10/05/2009.

6. **Procedural History of State Court Action.** The procedural status in state court is as follows: (a) On 10/23/09, MOVANT caused a 3-Day Notice to Quit to be served upon Debtors at the Property; a true and correct copy is attached as Exhibit "B" (b)

7. **Operation of Automatic Stay.** The operation of the automatic stay in this case precludes MOVANT from proceeding with an Unlawful Detainer Action in State Court, and therefore requires MOVANT to seek from this Court Relief from the Automatic Stay, including Annulment of the Automatic Stay.

## III.

## CAUSE EXISTS FOR RELIEF FROM STAY

Pursuant to 11 U.S.C. sec. 362(a)(1), cause exists because, as of the petition date, Debtors had no right to continued occupancy of the Premises because Movant acquired title to the Premises by foreclosure sale pre-petition on 10/5/09 and recorded the deed on 10/9/09 within the period provided by state law for perfection.

## IV.

## DEBTOR HAS NO EQUITY IN THE PROPERTY.

Relief from the automatic stay under Section 362(d) of the Bankruptcy Code should be granted if the Debtor has no equity in the property at issue. 11 U.S.C. sec. 362(d).

In this case, the Debtor does not have any equitable interest in the Property at the time Debtor filed for bankruptcy. Deutsche Bank National Trust Company, acquired the Property at a trustee's sale on, prior to the filing of the bankruptcy petition by Debtor, and is now the record owner of title.

It is submitted that these authorities provide a mandate for relief from stay, including Annulment of the Automatic Stay for the Notice to Quit served on 10/23/2009 as this action was taken without notice of this case.

WHEREFORE, **Deutsche Bank National Trust Company,** prays that this Court issue an order granting the following:

1. The automatic stay pursuant to 11 U.S.C. section 362 is hereby terminated as to the estates, or the Debtors' interest in that certain real property commonly known as 5108 Antler Hollow Place, Antelope, CA 95843 ("the "Property"), and legally described in Exhibit "A."

2. MOVANT may proceed with any and all legal remedies available to recover

possession of the Property. Said remedies include, but are not limited to, continuation of the unlawful detainer in state court, without further restraint of this Court.

   3. That the ten (10) day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

   4. That Annulment of the Automatic Stay be granted so that the filing of the bankruptcy petition does not affect any and all of the actions taken after the filing of the bankruptcy petition in this case, as these actions were taken by the Movant without knowledge of this Bankruptcy filing.

   5. That the order will be binding in any and all chapters following any later conversion of this case to a case under a different chapter of Title 11 of the U.S. Code, unless a specific exception has been provided herein.

DATED: December 28, 2009   Respectfully submitted,

RUZICKA & WALLACE, LLP

By: _____
 RICHARD S. SONTAG
 Attorneys for Movant